Nhan NGUYEN, Petitioner—Appellant,

v.

Anthony A. LAMARQUE, Respondent— Appellee.

No. 04–56591.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2005 *

Decided Nov. 2, 2005.

Eric R. Larson, Esq., San Diego, CA, for Petitioner–Appellant.

Jason C. Tran, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Before:* PREGERSON, CLIFTON, and BYBEE, Circuit Judges.

## MEMORANDUM **

Petitioner Nhan Nguyen timely appeals the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus. We apply the very high standard required by 28 U.S.C. § 2254(d); habeas relief is available here only if the state court's adjudication of the claim involved either an unreasonable determination of the facts or an unreasonable application of clearly established federal law as declared by the Supreme Court. We have jurisdiction under 28 U.S.C. § 2253, we review the decision of the district court *de novo, see Paulino v. Castro,* 371 F.3d 1083, 1085 (9th Cir.2004), and we affirm.

The California Court of Appeal concluded that evidence contained in suppressed police reports that could have been used to prove Nguyen acted in self defense and to impeach witnesses Johnny Lai, Jeffery Voong, San Vong, and Christopher Tong was not sufficient to undermine the court's confidence in the outcome of the trial. Testimony from objective witnesses established that Nguyen shot the victim without any provocation. Further, Lai, Voong, Vong, and Tong were not the only witnesses who testified against Nguyen, and they were strongly impeached by other evidence. Moreover, the police reports would not have bolstered Nguyen's claim of self-defense or imperfect self-defense because the evidence at trial did not sup-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

port those theories. Evidence was presented that at least some of the victim's companions were gang members and that some had been involved in violence. The suppressed evidence suggesting that Nguyen feared the group would have been merely cumulative. Therefore, even with the suppressed evidence, there is little indication that the jury's verdict would have been different.

The Court of Appeal thus reasonably applied the prejudice requirement of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *See Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). The district court agreed with the state court's decision that Nguyen suffered no prejudice because of the strong, independent evidence of his guilt. We too agree.

Under the standards of 28 U.S.C. § 2254(d), we must affirm because the Court of Appeal's decision was neither contrary to, nor involved an unreasonable application of, clearly established Supreme Court precedent. Nor did the state court unreasonably determine the facts. Accordingly, the district court's denial of Nguyen's petition is AFFIRMED.